HYNSON & HYNSON *against* TAYLOR & COTHEAL.

APPEAL *from Independence Circuit Court:*

A writ of attachment cannot issue upon a declaration in case for damages sustained by the malicious prosecution of a suit; with a count in Trover.

An action on the case is not founded on any indebtedness: but on the mere justice and conscience of the plaintiff's right to recover.

No exception can be taken to the affidavit, in a suit by attachment, until the defendant appears and pleads. He cannot proceed by motion. No particular plea is specified—that must depend on the nature of the defence or objection.

But it must be such a plea as will properly present the question on which the defendant relies; whether it be the validity of the proceedings or the right of action—and issuable.

Unless the Legislature, by express enactment, authorize a plea to be dispensed with, it cannot be done by the Courts.

The appellants filed their declaration, affidavit and bond, and caused a writ of attachment to be issued, against the appellees as non-residents. The *declaration* complained of *Taylor & Cotheal* "*of a plea of tresspass on the case;*" Two counts allege as cause of action that Taylor & Cotheal had, without any reasonable or probable cause of action, maliciously caused their goods and chattels to be attached, and the third count was in *Trover.* The writ was only executed by summoning the garnishees.

At the return term of the writ, an order of publication was made.

At the next term Taylor & Cotheal by attorney, moved the Court, that the writ and proceedings be quashed absolutely, or their common appearance be accepted, the attachment dissolved, garnishees discharged, and that the cause proceed as other suits at law, or be quashed and dismissed. The Court dissolved the attachment, and discharged the garnishees; and took that part of the motion as to dismissal of the suit under advisement. At the next term the writ of attachment was quashed, and the suit dismissed.

PIKE and BORDEN, for plaintiffs in error:

But one question is presented in this case. This question has been settled in this Court upon full examination, in the case of *Jones &*

Hynson & Hynson *against* Taylor & Cotheal.

*Others vs. Buzzard and Herndon,* where it was shown that the writ would lie in an action on the case for damages. We consider it needless therefore to discuss it here, or again to refer to authority.

In any event, after appearance, though the writ was quashed, yet final judgment could not go against the plaintiffs. And on this point, if not on the other, the judgment will be found erroneous. When the attachment was dissolved by the first order, the common appearance of the defendants was entered and accepted: after that they could not object to the writ.

FOWLER, *Contra:*

The 4th and 5th section, title *Practice at Law* in the new code title *attachment,* p. 115, *sec.* 2, require that "suits commenced by attachment against the property of any person, *shall* be brought in the county in which such *property may be found.*" Can such a suit be instituted in a county, where no property of defendant is to be found? Or, if instituted, on return of process showing that no property was there found, ought it not to be dismissed? An attachment is a proceeding *in rem.*, and where there is a failure to seize the *thing itself,* is there not an end to the proceeding? Will a Court, because a plaintiff makes a false clamor, and sues out process *in rem,* and finds nothing to act upon, allow him on such failure to proceed against the person, and obtain a final judgment, where the law would not have permitted him to do it, without his false allegations and assumption that *property* was within the jurisdiction of the Court? To countenance and give final effect to such a procedure, it is contended, would go far beyond any legitimate construction heretofore put upon remedial statutes even, to which class this Court in the case of *Jones & others v. Buzzard and Herndon,* have assigned our acts upon the subject of attachment. If we are right in this position, the judgment below against the plaintiffs, was right on this ground alone. Simply summoning a third person as garnishee, without any showing whatever either before or after the emanation of the writ, that he was indebted to the defendants, or had property of theirs in possession, could not place the case in a better situation for the plaintiffs.

Further, the acts of our Legislature, and in this too they have gone

as far perhaps as any other Legislative body, give no countenance whatever, even by the most remote implication, to the issuance of a writ of *attachment* in an action founded on a *tort;* but by intendment, and the letter of the Statute, confine such proceedings to actions *ex contractu*, on cases properly made out as directed thereby.

*See new code* p. p. 115, 116. In section the first, it is declared that "the *creditor* may proceed against" "absent or absconding debtors." In section 2 "the *creditor* shall file in the office of the Clerk of the Circuit Court of *the county where the property may be found &c.*" "against his debtor" &c. In section 3, "the *creditor* shall" &c. file an affidavit &c. that defendant "is *justly indebted*" *&c.* Section 5, "the *creditor*" shall file bond &c., "conditioned that he will prove his *debt* or demand" &c. Thus keeping up throughout, the distinct principle, that the process of attachment must be confined to *actions ex contractu.*

And if the Statute be remedial, and to be construed liberally, can such construction be extended beyond the obvious and clear meaning of the Legislature ? It is believed not. And would it not be a strained construction indeed, far beyond any rules known to the law, to say that that body which is legally presumed to be wise, meant by the terms "*debtor*" "*creditor*" "*debt*" "*justly indebted*," not what is generally understood thereby, but meant "*trespasser*," "*tortfeasor*," "*trespass*," "*assault and battery*," *malicious prosecution ?*"

It is true, that by virtue of the 29th section of the act last referred to, in a proper case, a doubt might arise whether a defendant attached would not be required to appear and plead, before the attachment could be dissolved. But could it thereby have been intended, that if a writ should issue in a case wholly unwarranted by law, or in which the proceeding itself was void, that non-residents should be compelled to appear and answer the action—plead to the declaration —and be bound by a judgment *in personam*, in such unauthorized procedure ? The motion then of the defendants, however inartificially it may appear upon the record, was made in apt time and manner, and was properly sustained, as the defendants respectfully urge upon the Court. Admit, for the sake of argument only, that the writ on its face appears valid; that the affidavit is in due form and substance, although it does not conform to the language of the Statute; yet when

Hynson & Hynson *against* Taylor & Cotheal.

we look to the declaration, the statement, which is the foundation of the action, required by the statute to be filed, and find it in utter violation of the law giving the remedy, not for a *debt*, nor for *damages* for *breach of contract*, nor for acause of action *ex quasi contractu*; but for a *tort*, a *malicious prosecution of a civil suit*, does it not vitiate the whole proceeding, and render it illegal and void from the beginning ? Shall a plaintiff by framing ingeniously an affidavit, be permitted by a court of justice, to seek redress for an alleged wrong in a mode unauthorized by law, and which by his declaration clearly appears ?

The case of *Jones & others vs. Buzzard & others* relied upon by the appellants, upon examination will be found to have no bearing whatever upon this case, except as to the class of Statutes to which our laws of attachment belong.

It is further respectfully suggested and submitted to the reflections of the bench, whether at the present day an action for the *malicious prosecution of a civil suit* can be sustained, even where personal service can be made upon defendants. Has not such action or mode of redress become obsolete, and at this day without legal countenance ? It is believed to have been so decided in the case of *Fletcher vs. Ellis*, in the late Superior Court of the Territory of Arkansas.

DICKINSON, J., delivered the opinion of the Court:

The proceedings by attachment against absent and absconding debtors is a remedy given by Statute (*Rev. Code* 115), in a particular class of cases, without which the debt might be lost, and being in derogation of the common law, must be strictly pursued. No latitude can be given calculated to enlarge the remedy by extending it to cases not embraced by the language adopted by the Legislature, fixing the character of the demand upon which suit may be instituted by attachment. To avail himself of the privilege, the plaintiff must not only file a *declaration* containing a true statement of the nature of his demand, but an affidavit that the defendant is *justly indebted* to him. He is also required to file at the same time a bond with sufficient security conditioned that he will prove his debt or demand on a trial at law, or that "he will pay such damages as shall be adjudged against him." It is only upon all these requisites being complied

with, that the writ issues, upon which so much of the defendant's goods and chattels, lands and tenements, credits and effects, is attached, "as shall be sufficient to secure the debt as sworn to, with interest and costs."

The declaration here is in case for damages claimed to have been sustained by the plaintiffs in error, in the malicious prosecution of a suit previously instituted in Louisiana by the defendants in error against one of the plaintiffs and one John Ringgold. There is also a count in Trover. There is however no allegation of actual indebtedness, nor of a breach of contract as between these parties.

It is an established rule of law, "that all acts *in pari materia* are to be taken together, as if they were one law." 6 *Bac. Abr.* 382. Throughout the whole of the statutory provisions regulating the mode of proceeding by attachment, we find the words *"creditor,"* *"debtor,"* and *"debt,"* showing clearly that the relative character of creditor and debtor must have existed at the time: and that the remedy is confined exclusively to actions *ex contractu :* and that by no reasonable construction can it be made to apply to *torts.* If in this instance, the plaintiff in error could proceed by attachment, might not a party do so in *detinue, trespass vi et armis,* or in any form of action *ex delicto ?* We can see no limit, if this construction is once allowed: It would be in contradiction to all the adjudications upon Statutes similar to our own. An action on the case is not founded upon any indebtedness, but upon the mere justice and conscience of the plaintiff's right to recover. 1 *Ch.* 487; *Bird vs. Randall,* 3 *Burr.* 1353 ; 1 *Wil.* 45 ; 2 *Saund.* 155, *n.* 4 ; 8 *J. R.* 453. It is in the nature of a bill in equity, and in general whatever will in equity and in conscience, preclude the plaintiff's right of recovery, may be given in evidence in case under the general issue.

This case is clearly one, in which proceedings are not authorized by attachment. The case of Jones and others vs. Buzzard and Herndon, does not, we apprehend, conflict with this opinion. That case differs widely from the one now before us, and was founded upon an act of the late Territorial government, and was presented upon a peculiar state of pleading. On the contrary, as far as applicable, it sustains us in the views entertained in this case.

Hynson & Hynson *against* Taylor & Cotheal.

The sufficiency of the exceptions to the affidavit will not be determined: They were not taken in accordance with the statute, (*sec.* 29 *Attachment Rev. Stat.*) which require, that the party shall appear and plead, before he can except. The defendants, it is true, say they do appear; but they omit to plead, and elect to proceed by motion, which is unauthorized. No particular plea is named or required; that must depend upon the nature of the defence or objection. But it must be such a plea, as will properly present the question, upon which the defendants rely; whether it be the validity of the proceedings, or the right of action. It must be a plea upon which an issue can be taken, either in law for the adjudication of the Court, or of fact for the determination of a jury; and, if necessary, enable the revising tribunal to pass upon the judgment of the Circuit Court. Unless the Legislature, by special enactment, authorizes a plea to be dispensed with, the Courts have no right to do so, but must require the established rules of pleading to be observed. A contrary course most frequently obstructs the course of justice, and throws around a case, so much doubt and confusion, as often causes a sacrifice of rights, and brings unmerited reproach upon the profession.

Judgment reversed, and case remanded.